JAMES STEGMAN ET AL., PLAINTIFFS-RESPONDENTS, v. WHITE HOUSE DAIRY PRODUCTS, INC., ET AL., DEFENDANTS-APPELLANTS.

Submitted May 6, 1941—Decided September 3, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellants, *Michael A. Szadkowski.*

For the respondents, *Sigmund Auerbach.*

PER CURIAM.

This is an appeal from a judgment of the District Court of the First Judicial District of Hudson County in favor of the plaintiffs and against the defendants. Plaintiff James Stegman recovered a judgment for $150 for damage to his motorcycle and plaintiff Richard Stegman a judgment for $100 for personal injuries, which were the result of a collision between the motorcycle and a truck owned by the defendant corporation and driven by the individual defendant.

The plaintiff Richard Stegman testified that on October 5th, 1940, he was operating the motorcycle in a northerly direction on Ocean avenue, Jersey City, following a bus. At Wade street the bus pulled over to the curb and stopped, and plaintiff passed it. About 100 feet beyond the point where plaintiff passed the bus there was, on the westerly side of Ocean avenue, to plaintiff's left, a driveway leading across the sidewalk from a garage to the street. Cars were parked on both sides of this driveway. When plaintiff was about 35 feet from this driveway, proceeding at about 25 miles per hour, he saw defendant's truck being backed out of the drive into the street. He blew his horn but the truck continued to back. Finally plaintiff swerved to his left in order to avoid striking the truck. He said this was necessary because the truck had backed all the way to the opposite side of the street, and there was no room for him to get past on the right.

Defendant Zima testified that before backing out into the street he looked both ways and saw no vehicles approaching. He saw the bus stopped for passengers but did not see the motorcycle. He was unaware of its presence on the street until it struck his truck.

The appellants contend that the plaintiff Richard Stegman was guilty of contributory negligence in the operation of the

motorcycle as a matter of law, and that the trial court should have granted the motion for nonsuit or should have entered judgment for the defendants. In the situation presented by the proofs we conclude that the question of the plaintiff's contributory negligence was one of fact. The evidence was such that reasonable minds might differ as to whether or not the plaintiff was guilty of negligence that contributed to the accident in such a way that but for such negligence the accident would not have occurred. The trial judge, sitting without a jury, resolved the facts in favor of the plaintiffs. A factual finding which is based upon competent evidence will not be reviewed on appeal from the District Court. *Pollack* v. *New Jersey Bell Telephone Co.,* 116 *N. J. L.* 28.

Appellants contend that plaintiffs are barred from recovering because admittedly Richard Stegman was operating the motorcycle in excess of the speed limit fixed by statute or ordinance. While exceeding the speed limit is evidence on the question of negligence, to be considered along with the other proofs in the case, it is not conclusive on the subject and, standing alone, is not a bar to recovery.

The judgments under review are affirmed, with costs.